UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FREDERIC DILLON,

              Plaintiff,

              -against-

CAPTAIN BLAKE; CITY OF NEW YORK,

              Defendants.
-----------------------------------------------------------X

**ORDER**

**14-CV-2416 (NGG) (JMA)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Frederick Dillon, currently incarcerated at Downstate Correctional Facility, brings this pro se complaint pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is GRANTED. Plaintiff's claim against the City of New York is DISMISSED without prejudice. Plaintiff's remaining claim against Captain Blake will proceed.

**I.    FACTS**

Plaintiff alleges that on or about February 5, 2014, while he was incarcerated at Rikers Island Correctional Facility, he was sexually harassed and menaced by Captain Blake. Specifically, Plaintiff alleges that Captain Blake threatened Plaintiff with non-consensual sex, then grabbed Plaintiff's "private parts" and "rub[bed] his private part on [plaintiff's] butt." (Compl. (Dkt. 1) ¶ IV.) He states that he filed a grievance against Captain Blake, but that no one responded to his grievance. (Id. ¶ II.) Plaintiff does not identify the form of relief he is seeking.

**II.    STANDARD OF REVIEW**

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental

1

entity." 28 U.S.C. § 1915A(a). Upon review, a district court shall dismiss a prisoner's complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, sua sponte dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

When reviewing a complaint, a court must construe a pro se litigant's pleadings liberally, see Chavis v. Chappius, 618 F.3d 162, 171 (2d Cir. 2010), especially if those pleadings allege civil rights violations. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Courts must read pro se complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted). However, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

### III. DISCUSSION

In order to maintain a §1983 action, a plaintiff must allege two essential elements. First,

"the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." Morris–Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist., 423 F.3d 153, 159 (2d Cir. 2005) (citing Okla. City v. Tuttle, 471 U.S. 808, 816 (1985)).

### A. The City of New York

In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury, and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012). Absent a showing of a custom, policy, or usage, a municipality cannot be held liable for the tort of its employee on the basis of respondeat superior. Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011) (local governments "not vicariously liable under § 1983 for their employees' actions").

Moreover, "[t]o allege the existence of an affirmative municipal policy, a plaintiff must make factual allegations that support a plausible inference that the constitutional violation took place pursuant either to a formal course of action officially promulgated by the municipality's governing authority or the act of a person with policymaking authority for the municipality." Missel v. Cty. of Monroe, 351 F. App'x 543, 545 (2d Cir. 2009) (citations omitted); Plair v. City of New York, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011) ("Following Iqbal and Twombly, Monell claims must satisfy the plausibility standard . . . .").

Here, Plaintiff fails to allege any facts to show: (1) the existence of a formal policy which is officially endorsed by the City; (2) actions taken or decisions made by the City which caused the alleged violations of his civil rights; or (3) any facts tending to support an inference that he was caused constitutional injury by the failure of City to properly train or supervise the individual defendants. Accordingly, Plaintiff's claim against the City of New York is dismissed as he fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1).

### B. Captain Blake

Plaintiff has described in some detail the incident that he alleges took place as well as the circumstances surrounding it and thus may be able to state a claim against Captain Blake. The court is not prepared to dismiss his Complaint at this stage in the proceedings.

## IV. CONCLUSION

Plaintiff's claim against New York City is DISMISSED without prejudice. See 28 U.S.C. § 1915A(b). No summons shall issue as to this Defendant. In accordance with Valentin v. Dinkins, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Corporation Counsel of the City of New York shall ascertain the full name of Correction Officer Captain Blake, described by Plaintiff as a heavy set black male on duty on February 5, 2014, from 3:00 p.m. to 11:00 p.m. Corporation Counsel shall also provide the address where this individual can currently be served. Corporation Counsel shall produce the information specified above within forty-five (45) days from the date of this Order. Once Defendant Blake has been identified, Plaintiff's Complaint shall be deemed amended to reflect the full name of this individual as a defendant, a summons shall issue and the Court shall direct service on Defendant.

4

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
May 9, 2014

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge