D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FREDERICK DILLON,

                Plaintiff,                                            **ORDER**

       -against-                                          **14-CV-2416 (NGG) (JMA)**

CAPTAIN BLAKE and CITY OF NEW YORK,

                Defendants.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

        Plaintiff Frederick Dillon, who is currently incarcerated at the Sullivan Correctional Facility in Sullivan County, New York, initiated this action by filing a pro se Complaint pursuant to 42 U.S.C. § 1983 on April 10, 2014. (Compl. (Dkt. 1).) The court granted Plaintiff's request to proceed in forma pauperis ("IFP") but dismissed his claim against Defendant City of New York without prejudice pursuant to 28 U.S.C. § 1915A(b). (May 9, 2014, Order (Dkt. 5).) Presumably on behalf of the remaining Defendant, Captain Blake, the Corporation Counsel of the City of New York has now moved to revoke Plaintiff's IFP status pursuant to 28 U.S.C. § 1915(g) and to dismiss this action without prejudice to re-file upon paying the required filing fee. (Mot. to Dismiss (Dkt. 10).) For the reasons set forth below, the motion is GRANTED.

        Section 804 of the Prison Litigation Reform Act ("PLRA"), codified at 28 U.S.C. § 1915(g), provides that a prisoner-litigant is ineligible to proceed IFP "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." PLRA § 804, 28 U.S.C. § 1915(g). To qualify for an exception to this "three strikes" rule, a prisoner-plaintiff must allege he or she is under danger

1

of imminent physical harm at the time the complaint is filed. See Malik v. McGinnis, 293 F.3d 559, 562-63 (2d Cir. 2002) ("[T]he language of § 1915(g) makes clear that the 'imminent danger' exception only applies to danger existing at the time the complaint is filed."). When a court learns of a plaintiff's prior disqualifying suits—i.e., the "strikes"—it may revoke a prior grant of IFP status and dismiss the complaint without prejudice. See Harris v. City of New York, 607 F.3d 18, 23 (2d Cir. 2010); Southerland v. Patterson, No. 10-CV-9155 (BSJ), 2012 WL 208105, at *1 (S.D.N.Y. Jan. 23, 2012).

Plaintiff's pleading does not satisfy the "imminent danger" exception in § 1915(g), and he therefore may not proceed IFP. As Defendants correctly note, Plaintiff has exhausted his three strikes under the PLRA, having filed at least six disqualifying suits that were dismissed for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) prior to filing this Complaint on April 10, 2014.[1] See 28 U.S.C. § 1915(g); Dillon v. City of New York, No. 14-CV-2733 (NGG), 2014 WL 4678087, at *1 (E.D.N.Y. Sept. 18, 2014).

In his current Complaint, Plaintiff alleges that on or about February 5, 2014, he was sexually harassed and menaced by Captain Blake while incarcerated at the Anna M. Kross Center ("AMKC"), a New York City Department of Corrections facility on Riker's Island. (See Compl. ¶ IV; id. at 5 (listing AMKC as prison facility); see also June 18, 2014, Ltr. (Dkt. 9) (stating that Captain Blake is assigned to AMKC)). See also Compl. at 3, 5,[2] Dillon v. City of New York, No. 14-CV-2733 (NGG) (E.D.N.Y. Apr. 28, 2014) (Dkt. 1) (alleging assault by officers, including Captain Blake, at AMKC, on or around January 12, 2014). He alleges that he

---

[1] See Dillon v. City of New York, No. 12-CV-7775 (LAP) (S.D.N.Y. Feb. 19, 2014) (Dkt. 14); Dillon v. City of New York, No. 12-CV-6740 (LAP) (S.D.N.Y. Dec. 19, 2013) (Dkt. 18); Dillon v. City of New York, No. 12-CV-7113 (LAP) (S.D.N.Y. Nov. 18, 2013) (Dkt. 16); Dillon v. City of New York, No. 12-CV-6746 (LAP) (S.D.N.Y. July 17, 2013) (Dkt. 20); Dillon v. City of New York, No. 12-CV-7112 (LAP) (S.D.N.Y. July 17, 2013) (Dkt. 19); Dillon v. City of New York, No. 12-CV-3872 (LAP) (S.D.N.Y. June 24, 2013) (Dkt. 36).

[2] Pin citations here refer to page numbers assigned by the court's electronic docketing system.

2

suffered depression as a result of this incident. (Compl. ¶ IV.A.) At the time Plaintiff filed the Complaint on April 10, 2014, however, he was incarcerated at Downstate Correctional Facility, which is located in Fishkill, New York, and is operated by the New York State Department of Corrections and Community Supervision ("DOCCS").[3] (See id. ¶ III.A; see also Civil Cover Sheet (Dkt. 1-1); June 30, 2014, Ltr. (Dkt. 13) (advising the court that Plaintiff had been transferred from Downstate Correctional Facility to Woodbourne Correctional Facility).)

Construing Plaintiff's allegations liberally as raising the strongest arguments they suggest, see Price v. City of New York, 797 F. Supp. 2d 219, 222 (E.D.N.Y. 2011), there is no indication that Plaintiff was in danger of imminent bodily harm at the time he initiated this action. The Complaint alleges sexual harassment and menacing while Plaintiff was located at AMKC on Riker's Island. (Compl. ¶ IV; id. at 5.) Liberally construed, the Complaint alleges that Captain Blake threatened to sexually assault or forcibly rape Plaintiff, and could be taken to suggest Captain Blake intended to carry out his threat; therefore, taking these allegations as true, while he was incarcerated at the AMKC, Plaintiff may have faced very serious imminent harm by Captain Blake. (See id. ¶ IV.) The court does not take such allegations lightly.

However, the court is obligated to apply the PLRA. At the time Plaintiff initiated this action, Plaintiff had already been transferred to DOCCS's Downstate Correctional Facility (id. ¶ III.A), and Captain Blake, who was employed by the City's Department of Corrections, remained assigned to AMKC. (See June 18, 2014, Ltr. (Dkt. 9).) Thus, even if Plaintiff faced imminent harm by Captain Blake at the time of the alleged incident, the Defendant was not located in the same facility as Plaintiff at the time he initiated this action and therefore could not have posed the requisite imminent danger to Plaintiff's person at that time. See Malik, 293 F.3d

---

[3] As previously noted, Plaintiff is currently incarcerated at DOCCS's Sullivan Correctional Facility in Fallsburg, New York. (Dkt. 14; Dkt. 15 at 2.)

3

at 562-63 (noting that a finding of "imminent danger" cannot be premised on a danger existing in the past). In the court's view, therefore, Plaintiff was not "under *imminent* danger of serious physical injury" when the Complaint was filed and he therefore cannot escape the PLRA's three strikes rule. 28 U.S.C. § 1915(g) (emphasis added); see Palmer v. New York State Dep't of Corr., 342 F. App'x 654, 656 (2d Cir. 2009) (finding prisoner-plaintiff had not satisfied § 1915(g)'s imminent danger exception as he had been transferred to a different facility and removed from the alleged danger prior to filing the complaint); Dillon v. City of New York, No. 14-CV-2733 (NGG), 2014 WL 4678087 (E.D.N.Y. Sept. 18, 2014).[4]

For the foregoing reasons, the court VACATES its prior Order permitting Plaintiff to proceed IFP as required by 28 U.S.C. § 1915(g). See Polanco v. Hopkins, 510 F.3d 152, 154-55 (2d Cir. 2007) (affirming district court's decision revoking IFP status after learning of plaintiff's prior disqualifying suits). The Complaint is therefore DISMISSED without prejudice. Plaintiff may re-file this action upon payment of the $400 filing fee to the Clerk of the Court.

Additionally, in light of this determination, Plaintiff's requests for appointment of counsel in this matter are DENIED as moot. (See Aug. 21, 2014, Ltr. (Dkt. 13); Sept. 20, 2014, Ltr. (Dkt. 16) at 2.)

---

[4] See also Welch v. Selsky, No. 06-CV-812 (LEK), 2008 WL 238553, at *5-7 (N.D.N.Y. Jan. 28, 2008) (adopting report and recommendation) (finding no imminent danger in part because plaintiff had been transferred to another facility prior to filing the Complaint); Gamble v. Maynard, No. 06-CV-1543 (DNH), 2008 WL 150364, at *4-5 (N.D.N.Y. Jan. 14, 2008).

4

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      October 2, 2014

NICHOLAS G. GARAUFIS
United States District Judge